UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENISE ANNE LOVELACE,

    Plaintiff,

v.

FEDERAL BUREAU OF
INVESTIGATION, et al.,

    Defendants.
_____/

Case No. 2:22-cv-116

Hon. Hala Y. Jarbou
Chief U.S. District Judge

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses Plaintiff Lovelace's failure to timely effectuate service, failure to supplement her motion to seal as ordered by the Court, and failure to adequately respond to the Court's September 29, 2022 order to show cause. For the following reasons, the undersigned respectfully recommends that the Court either: (1) dismiss this action with prejudice based on Lovelace's failure to prosecute, comply with rules, and comply with court orders, or (2) dismiss this action without prejudice based on Lovelace's failure to timely effectuate service.

Plaintiff — Denise Anne Lovelace — filed suit on June 3, 2022. In her one-page complaint, Lovelace stated the following:

> I am requesting an official federal investigation into the possible illegal domestic/international surveillance of myself while employed by the Federal Burau of Investigation (FBI) and Perkins Cole law firm (Michael Sussman), based on information released by the John Durham-Special Council.
>
> I believe ongoing surveillance has occurred since [the] 2012 timeframe

1

> to include Interpol, Australia, New Zealand, Law Enforcement One — United Kingdom, China, etc. I filed an FBI complaint in September 2014 timeframe also for a phone call from Russia. I have also had a phone call from France, which I believe may be associated with the Pegasus system. I have also had a Chinese Foreign-National taking pictures on the dock of my home, along with many other suspicious events/incidents. I hope this official inquiry will bring resolve, peace, and safety to my entire family.

(ECF No. 1, PageID.1.) Lovelace paid the $402.00 filing fee along with her complaint. She also moved to seal the entirety of her case. (ECF No. 2.)

On September 1, 2022, the undersigned considered Lovelace's motion to seal, ultimately determining that the motion did not provide the Court with enough information to evaluate the necessity of sealing her case. (ECF No. 5, PageID.7.) The undersigned therefore ordered Lovelace to supplement her motion by September 15, 2022. (*Id.*, PageID.8.) The undersigned ordered Lovelace to include in her supplement: "(1) which documents she wants the Court to seal, (2) the justification for sealing each document, including an explanation of why alternative means of protecting sensitive information, such as making redactions, are inadequate, and (3) the legal authority for sealing each document." (*Id.*, PageID.7-8.)

Rather than supplementing her motion to seal, on September 15, 2022, Lovelace filed a one-page motion for an extension of time to obtain legal counsel. (ECF No. 6, PageID.9.) There, Lovelace vaguely reasserted that this case involves classified information. (*Id.*) She made no mention of this Court's order to supplement her motion to seal.

On September 29, 2022, the undersigned issued an order to show cause. (ECF No. 7.) There, the undersigned noted Lovelace's failure to respond to the September

1, 2022 order to supplement, and her apparent failure to timely effectuate service. (*Id.*, PageID.11.) The undersigned therefore ordered Lovelace to show cause as to why the Court should not unseal this case based on her failure to supplement her motion to seal and dismiss this case based on her failure to timely effectuate service by October 13, 2022. (*Id.*)

Once again, Lovelace failed to adequately respond to this Court's order. Rather than showing cause as to why this case should not be unsealed and dismissed, Lovelace filed a one-page request that "the [C]ourt [] have the organizations presented—served by the U.S. Federal Marshall [sic] service." (ECF No. 8, PageID.12.) Lovelace provided no justification as to why the Court should order the U.S. Marshal to effectuate service, why she had not already effectuated service, or why she had failed to supplement her motion to seal. Instead, she stated: "I hope this satisfies the 14 October 2022 deadline requirement." (*Id.*) It plainly did not.

This Court has authority to dismiss a case under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute her case or to comply with rules, or a court order. It is well settled that the Court has inherent authority to dismiss *sua sponte* an action with prejudice for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). As the United States Supreme Court explained:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law, e.g., 3 Blackstone, Commentaries (1768), 295—296, and dismissals for want of prosecution of bills in

3

> equity, e.g., id., at 451. It has been expressly recognized in Federal Rule of Civil Procedure 41(b), which provides, in pertinent part:
>
> "(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * *
>
> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."
>
> Petitioner contends that the language of this Rule, by negative implication, prohibits involuntary dismissals for failure of the plaintiff to prosecute except upon motion by the defendant. In the present case there was no such motion.
>
> We do not read Rule 41(b) as implying any such restriction. Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Id.* (footnotes omitted).

Ultimately, Lovelace has shown a persistent lack of regard for the Federal Rules of Civil Procedure, and for the orders of this Court. The Court has provided Lovelace numerous opportunities to rectify her deficiencies, and she has chosen not to. As such, the undersigned respectfully recommends that the Court unseal this case and dismiss it with prejudice. Alternatively, the undersigned respectfully recommends that the Court unseal this case and dismiss it without prejudice because

Lovelace has not demonstrated good cause for her failure to timely effectuate service. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time.")

Dated:   December 16, 2022          /s/ *Maarten Vermaat*
                                    MAARTEN VERMAAT
                                    U. S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).